**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF TEXAS**

**TYLER DIVISION**

| | | |
|---|---|---|
| AZURE NETWORKS, LLC and TRI-COUNTY EXCELSIOR FOUNDATION, | § § § § | |
| *Plaintiffs*, | § § | CIVIL ACTION NO. 6:12-cv-750 |
| v. | § § | JURY TRIAL DEMANDED |
| VIZIO, INC., | § § § | |
| *Defendant*. | § | |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement in which Plaintiffs Azure Networks, LLC ("Azure") and Tri-County Excelsior Foundation ("TCEF") complain against Defendant Vizio, Inc. ("Vizio"), as follows:

**PARTIES**

1. Plaintiff Azure is a Texas limited liability company having its principal place of business in Longview, Texas.

2. Plaintiff TCEF is a Texas non-profit corporation intended to qualify as an entity exempt from income tax as an organization described in Internal Revenue Code section 501(c)(3) and as a supporting organization described in Internal Revenue Code section 509(a)(3)(B)(i) (a "Type 1 Supporting Organization") to Casa of Harrison County, a Texas non-profit corporation exempt from income tax under section 501(c)(3) of the Internal Revenue Code, having its principal place of business in Marshall, Texas.

3. Plaintiff TCEF is the owner by assignment of United States Patent No. 7,756,129 ("the '129 Patent") entitled "Personal Area Network with Automatic Attachment and Detachment." The '129 Patent was duly and legally issued on July 13, 2010. A true and correct copy of the '129 Patent is attached as Exhibit A.

4. Plaintiff Azure is the exclusive licensee of the '129 Patent, having an exclusive, worldwide, transferable, retroactive and prospective license ("the License") under the '129 Patent, with the right to sublicense others, to (i) make, have made, use, sell, offer to sell, import and lease any products, (ii) use and perform any method, process, and/or services, and (iii) otherwise practice any invention in any manner, such that Azure has the full right to enforce and/or sublicense the '129 Patent without any restriction, subject to certain encumbrances. Azure further has the exclusive right under the License to maintain, enforce, or defend the '129 Patent, including without limitation pursuing and collecting damages, royalties, and other payments and obtaining injunctive relief and other remedies for past, current and future infringement of the '129 Patent and pursuing and entering into any settlement related to a claim of infringement.

5. On information and belief, Defendant Vizio is a California corporation having its principal place of business in Irvine, California.

**JURISDICTION AND VENUE**

6. This action arises under the patent laws of the United States, Title 35 of the United States Code. Thus, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. On information and belief, Vizio, directly or through intermediaries, has transacted business in this district and has committed acts of patent infringement in this district. Thus, venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).

8. On information and belief, Vizio has conducted and does conduct substantial business in this forum, directly or through intermediaries, such substantial business including but not limited to: (i) at least a portion of the infringements alleged herein; (ii) purposefully and voluntarily placing one or more infringing products into the stream of commerce with the expectation that they will be purchased by consumers in this forum; and/or (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district. Thus, Vizio is subject to this Court's specific and general personal jurisdiction pursuant to due process and the Texas Long Arm Statute.

## COUNT I
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,756,129

9. On information and belief, Vizio has been and now is directly infringing the '129 Patent in the State of Texas, in this judicial district, and elsewhere in the United States. Vizio's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least products and systems incorporating Bluetooth High Speed (HS) wireless technology and/or products and systems incorporating Bluetooth wireless technology in combination with WiFi technology, such as WiFi Direct, including without limitation the Vizio Co-Star, which infringe one or more claims of the '129 Patent. Vizio is thus liable for direct infringement of the '129 Patent pursuant to 35 U.S.C. § 271(a).

10. At least by filing and serving this Original Complaint for Patent Infringement, Plaintiffs have given Vizio written notice of the infringement.

11. As a result of Vizio's infringement of the '129 Patent, Plaintiffs have suffered monetary damages that are adequate to compensate them for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court enter:

A. A judgment in favor of Plaintiffs that Vizio has directly infringed the '129 Patent;

B. A judgment and order requiring Vizio to pay Plaintiffs their damages, costs, expenses, prejudgment and post-judgment interest, and post-judgment royalties for Vizio's direct infringement of the '129 Patent as provided under 35 U.S.C. § 284; and

C. Any and all other relief to which the Court may deem Plaintiffs entitled.

## DEMAND FOR JURY TRIAL

Plaintiffs, under Federal Rule of Civil Procedure 38, request a trial by jury of any issues so triable by right.

Respectfully submitted,

/s/ Eric M. Albritton
Eric M. Albritton
Texas State Bar No. 00790215
ema@emafirm.com
Stephen E. Edwards
Texas State Bar No. 00784008
see@emafirm.com
Michael A. Benefield
Texas State Bar No. 24073408
mab@emafirm.com
Debra Coleman
Texas State Bar No. 24059595
drc@emafirm.com

4

ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397

*Counsel for Plaintiffs Azure Networks, LLC
and Tri-County Excelsior Foundation*